IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| VAL-COM ACQUISITIONS TRUST, <br> DANA K. WEBB, and <br> ERIN T. WEBB <br><br> Plaintiffs, <br><br> v. <br><br> EVERBANK <br><br> Defendant. | CIVIL ACTION NO. 4:10-cv-00454-Y |

**PLAINTIFFS' BRIEF IN SUPPORT OF PLAINTIFFS' RESPONSE TO DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

Plaintiffs Val-Com Acquisitions Trust, Dana K. Webb, and Erin T. Webb file this Brief in Support of their Response to Defendant's Rule 12(b)(6) Motion to Dismiss Plaintiffs' First Amended Complaint, and respectfully show the Court as follows:

I.
**SUMMARY**

Plaintiffs commenced this action on May 27, 2010 by filing Plaintiffs' Original Petition and Requests for Disclosure in the 236th Judicial District Court of Tarrant County, Texas. On June 25, 2010, Defendant filed its Notice of Removal of this action from the 236th Judicial District Court to this Court. On July 23, 2010, Plaintiffs filed their First Amended Complaint in this action. Plaintiffs' First Amended Complaint is sufficient to state the claims upon which relief should be granted to Plaintiffs.

## II.
## ARGUMENT AND AUTHORITIES

A.  Plaintiffs' First Amended Complaint complies with the General Rules of Pleading stated in Fed. R. Civ. P. 8(a) which states:

(a)  Claim for Relief. A pleading that states a claim for relief must contain:

(1)  a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

(2)  a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3)  a demand for the relief sought, which may include relief in the alternative or different types of relief.

A complaint need not make a case against a defendant or forecast evidence sufficient to prove an element of the claim. It need only allege facts sufficient to state elements of the claim. Thus, the sufficiency of a complaint does not depend on whether it provides enough information to enable the defendant to prepare a defense, but merely whether the document's allegations are detailed and informative enough to enable the defendant to respond. *Chao v. Rivendell Woods, Inc.*, 415 F.3d 342, 349 (4th Cir. 2005). As the United States Court of Appeals, Fifth Circuit has stated, "The notice pleading requirements of Federal Rule of Civil Procedure 8 and case law do not require an inordinate amount of detail or precision. *McManus v. Fleetwood Enterprises Inc.*, 320 F.3d 545, 551 (5th Cir. 2003).

B.    Plaintiffs' First Amended Complaint complies with Fed. R. Civ. P. 11(b) which contemplates allegations based on information and belief. Plaintiffs' allegations are based, in part, on a preliminary audit of loan documents and closing documents relating to the Note and Deed of Trust at issue in this case. These allegations are based on documents currently in the Plaintiffs' possession. Through Defendant's initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) and Defendant's responses to Plaintiffs' requests for production of documents pursuant to Fed. R. Civ. P. 34, Plaintiffs expect to obtain a complete set of the loan documents and closing documents relating to the Note and Deed of Trust at issue in this case. At that time, Plaintiffs will be able to complete a detailed forensic audit of all loan documents and closing documents and specify the alleged violations.

C.    With regard to Plaintiffs' claims of violations of the Truth in Lending Act ("TILA") and the Real Estate Settlement Procedures Act ("RESPA"), fraud in a real estate transaction, and negligent misrepresentation, Plaintiffs Dana K. Webb and Erin T. Webb entered into a Note and Deed of Trust with Amerigroup Mortgage Corporation. Defendant claims to be the holder of the Note and Deed of Trust, the person entitled to enforce the Note and Deed of Trust, and the mortgage servicer of the Note and Deed of Trust.

Plaintiffs Dana K. Webb and Erin T. Webb are individual consumer borrowers who did not discover, and could not be expected to discover, Amerigroup Mortgage Corporation's violations and Defendant's continuing violations of TILA and RESPA, and Amerigroup Mortgage Corporation's and Defendant's false representations and negligent misrepresentations, at the time that they executed the Note and Deed of Trust. Due to their extremely detailed nature and

complexity, TILA, RESPA, statutory fraud violations, and negligent misrepresentations result in latent injuries. Therefore, this court should grant Plaintiffs Dana K. Webb and Erin T. Webb equitable relief from the strict statutes of limitations of TILA, RESPA, fraud in a real estate transaction, and negligent misrepresentation through the principle of equitable tolling of the statute of limitations, or the discovery rule by which the statute of limitations period does not begin to run until after the violations were discovered. To enforce the strict statutes of limitations of TILA, RESPA, real estate fraud statutes, and negligent misrepresentation against individual consumer borrowers who are unsophisticated and have no practical way of knowing or determining whether they are receiving the benefits of the disclosures and procedures required by federal and state law, is grossly and fundamentally unfair. To enforce the strict statutes of limitations in this circumstance rewards a lender for its ability to take advantage of unsophisticated borrowers in an extremely technical and complex transaction, knowing that the unsophisticated borrowers will probably never know that they did not receive the protection and benefits of federal and state laws.

D.  Notes such as the Note in this case made by Plaintiffs Dana K. Webb and Erin T. Webb payable to Amerigroup Mortgage Corporation are governed by Chapter 3, Uniform Commercial Code-Negotiable Instruments. Specifically, Sections 3.201, 3.203, and 3.204 govern the negotiation, transfer, and indorsement of the Note made by Plaintiffs Dana K. Webb and Erin T. Webb payable to Amerigroup Mortgage Corporation. Subchapter C of the Uniform Commercial Code-Negotiable Instruments, Sections 3.301, et seq., govern persons entitled to enforce instruments such as the Note made by Plaintiffs Dana K. Webb and Erin T. Webb payable to Amerigroup Mortgage Corporation.

Plaintiffs' First Amended Complaint includes requests for:

(a) a determination and declaration of whether Defendant is the owner and/or holder of the Note and Deed of Trust at issue in this case;

(b) a determination and declaration of whether Defendant is the person entitled to enforce the Note and Deed of Trust at issue in this case;

(c) a determination and declaration of whether Defendant is the mortgage servicer of the Note and Deed of Trust at issue in this case.

These requests are based on the fact that Plaintiffs Dana K. Webb and Erin T. Webb entered into a Note and Deed of Trust with Amerigroup Mortgage Corporation. Plaintiffs Dana K. Webb and Erin T. Webb never made a Note to Defendant, never executed a Deed of Trust for the benefit of Defendant, and never agreed to any transaction with Defendant. Therefore, Plaintiffs Dana K. Webb and Erin T. Webb are entitled to a determination of whether Defendant is the legitimate successor in interest to Amerigroup Mortgage Corporation pursuant to the provisions of Chapter 3, Uniform Commercial Code-Negotiable Instruments.

E. With regard to Plaintiffs' request for a declaratory judgment, the determinations and declarations requested in Plaintiffs' First Amended Complaint are in large part unrelated to Plaintiffs' claims for violations of TILA, RESPA, and real estate fraud statutes, and negligent misrepresentation. Plaintiffs' request for a declaratory judgment relates to Defendant's legal authority and standing to enforce the Note and Deed of Trust by means of a non-judicial foreclosure sale. Therefore, Plaintiffs' request for a declaratory judgment may proceed independently of Plaintiffs' claims for violations of TILA, RESPA, and real estate fraud statutes, and negligent

misrepresentation.

## III.
## CONCLUSION

Defendant's Rule 12(b)(6) Motion to Dismiss Plaintiffs' First Amended Complaint should be in all things denied.

Respectfully submitted,

/s/ Stephen W. Tiemann
Stephen W. Tiemann
Texas Bar No. 20021750
Stephen W. Tiemann, Attorney and Counselor at Law
2000 E. Lamar Blvd., Suite 600
Arlington, TX 76006
Tel. (817) 275-7245
Fax. (817) 275-1056
Email: steve@swtlaw.net
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was served on the Defendant, by and through its counsels of record, C. Charles Townsend and Joshua J. Bennett, via the Northern District of Texas ECF system on the 30th day of August, 2010.

/s/ Stephen W. Tiemann
Stephen W. Tiemann